William W. Serra, J.
The defendant, Benjamin Nicoletti, Sr., and 11 others have been indicted by the Grand Jury of Niagara County. The defendant, Benjamin Nicoletti, Sr., is charged with the crimes of conspiracy in violation of section 580 of the Penal Law of the State of New York, which defines conspiracy to commit a crime as a misdemeanor, and with conspiracy in the fourth degree in violation of section 105.00 of the Penal Law effective September 1, 1967, defining conspiracy to commit a crime as a Class B misdemeanor. The defendant is further charged as a common gambler as a misdemeanor in violation of section 970 of the Penal Law and with promoting gambling in the second degree in violation of section 225.05 as a Class A misdemeanor under the Penal Law effective September 1,1967.
In connection with the prosecution, certain evidence was seized under the authority of a search warrant, issued by this court, and involving a raid on an alleged gambling operation at two locations. During the search, more than 50 persons were searched and a great quantity of evidence was seized, including gambling paraphernalia, specially treated money, and records. All of the evidence involves dice or “ crap ” games, except so-called “ bottom sheets,” which were found on the person of the defendant, Benjamin Nicoletti, Sr. The “ bottom sheets ” are deemed evidence of bookmaking activities. Motion is now made to suppress all such evidence.
The search warrant, so captioned, follows the general format provided in the Code of Criminal Procedure, and the command provisions are set forth in two paragraphs which read as follows:
‘ ‘ you are, therefore, commanded, at any time of the day or night, to make an immediate search of the person of benjamin nicoletti, sr. and any other person who may be found at premises known as 383 Oliver Street, North Tonawanda, New York (first floor) and to have such property in his possession or under his control or to whom such property may have been delivered, for the following property: Gambling devices and the proceeds of gambling, bookmaking paraphernalia, and other information, including gambling records, together with other equipment and *110 papers, records, data, and all papers pertaining to the receiving of wagers or bets which are kept and used in violation of Title M, Sections 225.05 and 225.15 of the Revised Penal Law, at any hour of the day or night in the first floor of premises known as 383 Oliver Street, North Tonawanda, New York (Oliver Social Club) and the first floor of premises known as 407 Oliver Street North Tonawanda, New York (The Varsity Restaurant, and the first floor of the apartment adjoining the restaurant on the north side thereof).
“ You are commanded to execute this Search Warrant at any hour of the day or night, pursuant to Section 799 (b) of the Code of Criminal Procedure; the Peace Officer executing this Warrant is authorized to enter the said premises known as 383 Oliver Street, North Tonawanda, New York, without notice of his authority or purpose and is hereby directed that if the aforementioned articles are found within the same or any part thereof to bring them forthwith before me, at the County Court, in the City of Lockport, Niagara County, New York.”
The petitioner, Benjamin Nicoletti, Sr., contends first, that the warrant is fatally defective for failure to name the persons to be searched or to describe them as definitive individuals with sufficient particularity to comply with the requirements of the Fourth Amendment of the United States Constitution, with the requirements of section 12 of article I of the Constitution of the State of New York, and with section 793 of the Code of Criminal Procedure. Although varying in form, all of these provisions require in substance that the person or thing to be seized be named or otherwise be particularly described. The second contention is that the evidence seized from mere players is exempt from seizure because they are not engaged in a criminal activity under the law. The third contention is that the warrant only authorizes a search of persons and not premises, and that the general search of persons is without authority and was, in this case, a general search of persons and premises and all evidence must, therefore, be suppressed. The defendant cites People v. Rainey (14 N Y 2d 35), People v. Marshall (13 N Y 2d 28), and People v. Rawluck (14 N Y 2d 609). It is also asserted that there is no probable cause shown in the affidavit for violation of section 225.15 of the Penal Law as stated in the warrant and that the bookmaking evidence, if any, must be suppressed.
The People contend the warrant was properly issued, and urge at great length that the defendant is without standing to object to any seizure except seizure from his person and the premises where he was situated when searched.
*111 To develop the background somewhat further, it appears from the affidavit seeking the warrant that Benjamin Nicoletti, Sr., is alleged to have been generally in charge of dice or “ crap ” games held on a regularly semiweekly basis in the first floor of 383 Oliver Street, North Tonawanda, New York, known as the Oliver Social Club. He is alleged to have furnished the money which was new, uncrumbled and waxed, to have banked the receipts, to have settled the disputes, to have removed the excess money derived from the game and to have paid off the winners. It was the general alleged practice of the defendant, Benjamin Nicoletti, Sr., to remain at the premises on 407 Oliver Street, either at a restaurant there, or in an adjoining apartment and to go to 383 Oliver Street only as his presence was required for the afore-mentioned purposes. When the raid was made, a search was made of the person of Benjamin Nicoletti, Sr., at 407 Oliver Street and a search was made of the entire premises and all persons found at 383 Oliver Street. As to the questions of naming the persons to be searched and the generalized nature of the warrant and search, there is little direct decision found on the subject of the required standard for identification of individuals for proper issuance and execution of a warrant in this jurisdiction. In People v. Brown (40 Misc 2d 35) a “ John Doe ” warrant to be exercised in a semi-public place like a shoeshine parlor was held inadequate as a matter of law to authorize the search of persons on the scene without a clearly specific description. Obviously, a person’s presence in such a place bears no relationship to probable cause to believe such a person has any connection with the commission of a crime. In People v. Marshall (supra) a warrant was upheld which read in part as follows: ‘ ‘ you are therefore, commanded, in the daytime, to make an immediate search of the said Joe and Cecil Marshall, and the male negro believed to be their son, and all persons in the rear room of the premises to 2207 Seventh Avenue.” The Court of Appeals affirmed without discussing the question. In the State of Maryland the highest court has upheld a warrant authorizing a search of a particular automobile, and, “ the pockets of the clothing of all persons found in the said auto or who may enter the said auto, who may be found to be violating the lottery laws, for lottery books ” enumerating specific gambling equipment (Martini v. State, 200 Md. 609, 611). In view of the fact that the supporting affidavits herein show that no one in the closely guarded premises of 383 Oliver Street could have been there for any purpose except to operate or participate in a gambling enterprise and, particularly, in a dice game or *112 dice games, the evidence of harassment of innocent persons, pointed out, clearly, as violating the constitutional limitations on a warrant in People v. Brown (supra), is not found in this case. All of the persons searched were clearly identifiable as persons participating in an illegal enterprise, as likely to have evidence of such enterprise on their persons, and, being in the place searched for no possible other purpose than either to operate the illegal enterprise or to participate in it. It does not matter that the participation of players is not a criminal act. Section 792 of the Code of Criminal Procedure authorizes the search and seizure under a warrant of: “4. property constituting evidence of crime or tending to show that a particular person committed a crime.
“ The property described in this section, or any part thereof, may be seized from any place where such property may be located or from the person or possession or control of any person who shall be found to have such property in his possession or under his control.” (Code Crim. Pro., § 792, subd. 4.) The distinctions of constitutional refinement as to the inherent taint of searches as affecting the rights of the innocent public are discussed at length by the Supreme Court of the United States in Linkletter v. Walker (381 U. S. 618) and Wong Sun v. United States (371 U. S. 471). Holding, then, that the issuance of the warrant and its execution under the circumstances of this case are not inherently void procedures so as to come within the interpretation of People v. Rainey (supra), which held that a warrant obtained by fraud against the court and issued to the harassment of innocent persons was void for all purposes, the court must reject all other considerations of the use of the warrant against the players as being improperly raised, since the defendant has no standing to raise or defend the players’ individual complaints. (See People v. Estrada, 23 N Y 2d 719; People v. Cefaro, 21 N Y 2d 252.)
As to the form of the warrant as submitted to the court and signed, concededly the command portion is expressed in verbiage which leaves much to be desired. If the first paragraph of the command provisions were isolated, it might well, as defendant urges, be deemed to authorize a search of persons only and not of premises. Clearly, the warrant authorizes the search of the person of Benjamin Nicoletti, Sr. Clearly, it authorizes, well supported by affidavits showing probable cause, search of those persons found in the allegedly closely secured gambling club at 383 Oliver Street. Clearly, the warrant authorizes the seizure at 383 Oliver Street of equipment, paraphernalia and books and records under the control of persons on the premises, and, in *113 the second command paragraph provides in part, “ the Peace Officer executing this Warrant is authorized to enter the said premises known as 383 Oliver Street, North Tonawanda, New York, without notice of his authority or purpose and is hereby directed that if the aforementioned articles are found within the same or any part thereof to bring them forthwith before me ”. Construed together, the command provisions must be interpreted as directing a search and seizure of specified evidence at the premises 383 Oliver Street, used as the Oliver Social Club. No claim is made that any seizures were made at 407 Oliver Street, except from the person of Benjamin Nicoletti, Sr. The affidavit alleging that both premises were under the possessory control of Benjamin Nicoletti, Sr., and no evidence having been produced to the contrary, his standing to contest the premises search at 383 Oliver Street brings this challenge properly before the court.
One matter remains to be disposed of. Affidavits in support of the warrant contain a detailed description of a dice game or “ crap” game, including the personal structure, physical layout and manner of operation. Included in the request for the warrant is a request for the seizure of bookmaking evidence, including a search for evidence of the proceeds of bookmaking. Nowhere in the affidavit is there probable cause to show in any manner any possible operation of a bookmaking activity. In connection with the execution of the warrant and the search of Benjamin Nicoletti, Sr., it further appears that the property seized from the person of the defendant, Benjamin Nicoletti, Sr., includes the so-called “ bottom sheets ” which are claimed to be balance records of a bookmaking operation. It is noted further that the command paragraphs of the warrant include a direction to search for evidence of violation of section 225.15 of the revised Penal Law. Section 225.15 of the Penal Law applies only to crimes involving bookmaking, lottery, and policy. The seizure of such property is not based on any probable cause as to bookmaking shown in the affidavits, and the so-called ‘ ‘ bottom sheets ’ ’ seized pursuant to the warrant issued as to such offense without probable cause are therefore suppressed.
The defendant contends in part that if the warrant is not valid in all respects, under the holding of the Court of Appeals in People v. Rainey (14 N Y 2d 35, supra) all of the evidence must be suppressed. As previously indicated, the court does not interpret People v. Rainey as holding such an extreme point of view, and notes that in People v. Rawluck (14 N Y 2d 609) the Court of Appeals specifically held that evidence legally seized may be used against a defendant whereas that portion of the *114 evidence which is beyond the scope of a lawful warrant may be suppressed. This decision being concurrent in time with Rainey, it must be considered together with the Rainey case and to clarify its meaning. The “ bottom sheets ” shall be suppressed on any trial of the action. Except as to the suppression of the “ bottom sheets ” so-called, the motion for suppression is in all respects denied.